# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RODNEY K. SCHROEDER and
ROBERT HEINRITZ,

        Plaintiffs,

v.                                                 Case No. 05-C-643

CAPITOL INDEMNITY CORP.,

        Defendant.

## DECISION AND ORDER

      Plaintiffs Rodney K. Schroeder ("Schroeder") and Robert L. Heinritz ("Heinritz") filed this action against Defendant Capitol Indemnity Corporation ("Capitol Indemnity") alleging a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. Section 1681, *et seq*. (2006). Currently before this court is Capitol Indemnity's Motion for Summary Judgment. Capitol Indemnity argues that Schroeder and Heinritz have failed to set forth sufficient proof of both pecuniary and non-pecuniary damages. It contends that even if it violated the FCRA (which it disputes), such a violation is not actionable in the absence of actual damages. Schroeder and Heinritz claim in response that they did incur actual damages, but even if they did not, they can still recover statutory damages and litigation costs. Thus, plaintiffs maintain, a lack of actual damages is not fatal to their claim.

## I. BACKGROUND

      Schroeder and Heinritz own New Court, LLP a commercial real estate business. (Pl.'s Br. 3.) One of their properties, which was located at 231 Elizabeth Street, Green Bay, Wisconsin,

caught fire on February 2, 2004. (Def. PFOF ¶ 7; Compl. ¶ 8.) After the fire, the property insurer, Capitol Indemnity, conducted an investigation that resulted in a determination that the fire was caused by arson. (Def. PFOF ¶ 8.) Capitol Indemnity then obtained a copy of both Schroeder and Heinritz's credit reports without their permission from TransUnion Credit Bureau. (Def. PFOF ¶ 10; Compl. ¶ 11.) Capitol Indemnity maintains that the information contained in the credit report neither influenced their appraisal of plaintiffs' insurance claim, which amounted to $184,000, nor was it shared with a third party. (Def. PFOF ¶¶ 14-15.) Schroeder and Heinritz, nonetheless, allege that obtaining a credit report without the consumer's permission amounts to an impermissible and illegal purpose in violation of the FCRA, 15 U.S.C. Section 1681b. (Compl. ¶ 11.)

Whether Capitol Indemnity's request for the plaintiffs' credit reports was for a permissible purpose is not the issue now before the court. Capitol Indemnity's argument in support of its current motion for summary judgment rests solely on the premise that a violation of the FCRA is not actionable unless plaintiffs have sustained actual damages. (Def.'s Br. 7.) Capitol Indemnity argues that actual damages include pecuniary and non-pecuniary loses, neither of which have been sufficiently supported by plaintiffs. (Id. at 8.)

Plaintiffs, on the other hand, claim that defendant's action impacted them negatively in several different ways. First of all, they claim, every time an individual's credit report is "pulled" their credit score is lowered. (Pl.'s Br. 3.) A lower credit score, they contend, results in higher borrowing costs. Thus, when Capitol Indemnity obtained their credit reports, their scores were lowered and their borrowing costs increased. Because they are in the business of commercial real estate, they contend that a slight decrease in credit score substantially affects their ability to operate a successful business. As a further result of Capitol Indemnity's conduct, plaintiffs claim they

suffered nonpecuniary injury in the form of nervousness, anxiety, and loss of reputation. Additionally, plaintiffs claim this willful invasion of privacy entitles them to statutory relief and litigation costs.

## II. SUMMARY JUDGMENT STANDARD

As is well known, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. Therefore, summary judgment is appropriate against a party who, after adequate time for discovery and in the face of a properly supported summary judgment motion, fails to make a showing sufficient to

3

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.

Whether a material issue of fact is "genuine" necessarily requires some qualitative determination of sufficiency of the evidence. To defeat a properly supported motion for summary judgment, the opposing party must present specific and sufficient evidence that, if believed by a jury, would actually support a verdict in its favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. A "metaphysical doubt as to the material facts" is insufficient to defeat a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. "A district judge faced with [a summary judgment] motion must decide . . . whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict. If not, the motion should be granted and the case dismissed." *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572-73 (7th Cir. 1989) (citations omitted).

### III. ANALYSIS

As noted above, Capitol Indemnity argues that a violation of the FCRA is not actionable absent proof of actual damages. Because plaintiffs have not presented any evidence that they suffered any loss, pecuniary or nonpecuniary, as a result of its alleged violation of the FCRA, Capitol Indemnity contends that their claim fails as a matter of law and should be dismissed.

4

I agree with Capitol Indemnity that plaintiffs have failed to demonstrate that they have sufficient evidence of actual damages to get to a jury. Plaintiffs assert several times in their Brief in Opposition for Summary Judgment that when the defendant "pulled" their credit reports, they were negatively impacted. (Pl.'s Br. 3, 7.) However, they offer no admissible evidence that this was actually the case, only their attorney's unsupported assertions. As the Seventh Circuit has repeatedly noted, "a party seeking to avoid summary judgment may not establish a dispute of material fact with unsubstantiated assertions in its factual summary or in affidavits." *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993); *see also Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997); *Cowan v. Glenbrook Security Services, Inc.*, 123 F.3d 438, 446 (7th Cir.1997). Here, plaintiffs have offered no evidence that any bank or insurer relied on the credit report after Capitol Indemnity's allegedly adverse action. In fact, the evidence is just the opposite, suggesting that credit reports were not consulted. Thus, the court can discern no evidence of pecuniary damages.

Likewise, the record of evidence regarding plaintiffs' claim for non-pecuniary damages does not come close to the level required to defeat summary judgment. The Seventh Circuit has "maintained a strict standard for a finding of emotional damage 'because they are so easy to manufacture.'" *Sarver v. Experion Information Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (quoting *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir.2001)). The court has "required that when 'the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements.'" *Id.* (quoting *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir.2003)). "Self-serving assertions without factual support in the record will not defeat a motion for summary judgment."

5

*McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993). Plaintiffs have not supplied one shred of reliable evidence that they suffered any non-pecuniary damage including loss of reputation, physical or mental effects. Their Affidavits are limited to a 34-page copy of one of defendant's employee's depositions and a copy of the credit report defendant obtained. Neither plaintiffs' Brief nor their Proposed Finding of Fact points to any evidence which supports a claim for non-pecuniary damages. It therefore follows that plaintiffs' claim for actual damages cannot go forward.

But it does not follow that their entire action must be dismissed. The FCRA allows for different types of damages depending on whether the violation of the act was willful or negligent. A plaintiff who establishes negligent noncompliance is entitled to actual damages, together with costs, including reasonable attorneys fees. 15 U.S.C. §1681o. Where the non-compliance is shown to be willful, however, the plaintiff is entitled to any actual damages or statutory damages. "In the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose" the FCRA authorizes recovery of "actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater." 15 U.S.C. § 1681n(a)(1)(B). Since Capitol Indemnity is not a "natural person," § 1681n(a)(1)(B) would presumably not apply. But under § 1681n(a)(1)(A), a plaintiff can recover from "any person" who willfully fails to comply with the FCRA "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," as well as costs and reasonable attorneys fees. Thus, it would appear that if plaintiffs can establish that Capitol Indemnity willfully violated the FCRA by obtaining their credit reports without either their consent or a permissible purpose, they may be entitled to statutory damages.

6

Capitol Indemnity states in its brief that the plaintiffs "most likely...intended to allege negligence" (Def.'s Br. 8), and thus their claim should be evaluated under § 1681o. I disagree. While their complaint is defective in a number of respects, it appears that plaintiffs are seeking damages for willful noncompliance. Although they claim actual damages, they also request statutory damages, which are only available for willful noncompliance, and state several times in their brief that Capitol Indemnity's conduct was willful. (Compl. ¶ 16; Pl's Br. 7, 8.) Thus, to the extent they have stated a claim for a willful violation, their case would appear to survive.

Capitol Indemnity argues that under the law of this circuit, even a claim of willful violation of the FCRA is not actionable absent some showing of actual injury. In support of its contention, Capitol Indemnity cites *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001). But while some of the language in *Crabill* seems to support Capitol Indemnity's contention that without proof of actual damages a plaintiff may not recover for any violation of the FCRA, I conclude that such a reading fails under closer examination. *Crabill* held that "attorneys' fees may be awarded only if the plaintiff was awarded some relief by the court...[A] litigant who left the court empty-handed gets no fees." 259 F.3d 662 (7th Cir. 2001) (quoting *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603, 614 (2001)) (citations omitted). *Crabill* differs from the present case, however, in that, for reasons not entirely clear from the opinion, Crabill was not eligible for statutory or punitive damages. *Id.* at 664.

Similarly, *Ruffin-Thompkins v. Experian Info. Solutions Inc.*, 422 F.3d 603 (7th Cir. 2005), might be read as a statement that actual damages must be proven in order to recover under the FCRA. However, in that case it appears that the district court concluded that the plaintiff was unable to show willfulness. It was on that basis that the court concluded that the plaintiff's claim

7

for punitive or statutory damages failed as a matter of law. I therefore conclude that neither case is dispositive on the issue.

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), however, is more directly on point. In *Murray*, which was brought as a class action, the violation of the FCRA alleged was, like here, obtaining a credit report without authorization. In reversing the district court's order denying the named plaintiff's motion for class certification in the case, Judge Easterbrook rejected the lower court's conclusion that it was more appropriate for the named plaintiff to seek compensatory damages than the statutory damages allowed upon a showing of willful noncompliance. In so ruling, Judge Easterbrook described the rationale for the statutory damages provisions of the FCRA:

> Although compensatory damages may be awarded to redress negligence, while statutory damages require wilful conduct, introducing the "easier" negligence theory would preclude class treatment. Common questions no longer would predominate, and an effort to determine a million consumers' individual losses would make the suit unmanageable. Yet individual losses, if any, are likely to be small-a modest concern about privacy, a slight chance that information would leak out and lead to identity theft. That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury.

434 F.3d at 953 (emphasis added).

*Murray* confirms the plain language of the FCRA which states that upon proof a willful violation, a plaintiff can recover *either* actual damages *or* statutory damages. 15 U.S.C. § 1681n(a)(1). I therefore join those other courts in this circuit that have concluded that actual damages are not an essential element to a claim for willful violation of the FCRA. *See Bonner v. Home123 Corp.*, 2006 WL 1518974 * 11 (N.D.Ind. May 25, 2006) ("The plain and unambiguous language in § 1681n(a)(1)(A) indicates that Congress intended plaintiffs to have a choice between actual damages or statutory damages."); *Tremble v. Town & Country Credit Corp.* 2006 WL

8

163140 *5 (N.D. Ill. Jan. 18, 2006) ("To put it another way, Tremble is not required to prove recoverable actual damages in order to show a violation of § 1681b or to obtain statutory damages under § 1681n(a)(1)(A)."); and *Murray v. New Cingular Wireless Services, Inc.* 232 F.R.D. 295, 302 (N.D. Ill. 2005) ("Statutory damages are an alternative remedy to actual damages, and a plaintiff cannot get both actual and statutory damages.").

It therefore follows that, despite the absence of actual damages, plaintiffs may still be entitled to statutory damages and litigation costs, if they can prove defendant willfully violated the FCRA. That issue remains for determination.

## IV. CONCLUSION

Because plaintiffs have put forth no evidence of actual loss or injury, Capitol Indemnity's motion for summary judgment is granted in part and plaintiffs' claims for actual damages, along with any claim for negligent noncompliance under § 1681o, is dismissed. However, plaintiffs have also stated a claim for willful noncompliance under § 1681n, and since actual damages need not be established in order to recover under that section, Capitol Indemnity's motion as to that claim is denied. The clerk shall set this matter for a Rule 16 telephone conference within the next ten days for further scheduling.

Dated this ___17th___ day of July, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
